**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CARRIE WARFILED, LAGINA WARFIELD, | ) | |
| individually and on behalf of her minor son, | ) | |
| DESHAUN FOX, JENNIFER WARFIELD, | ) | |
| LATOYA POWELL, MARY BONNER, | ) | |
| and SHERPRINIA BONNER, | ) | No.   05 C 3712 |
| on behalf of her minor daughter JALESSA BONNER, | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE CASTILLO |
| v. | ) | |
| | ) | JURY DEMAND |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER CALVIN CHAPMAN, CHICAGO | ) | |
| POLICE OFFICER DWAYNE COLLIER, and | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS CALVIN CHATMAN AND DWAYNE COLLIER'S
ANSWER, DEFENSES AND, JURY DEMAND
TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Chicago Police Officers Calvin Chatman and Dwayne Collier (referred to as

"Officer Chatman and Officer Collier"), by one of their attorneys, Susan E. Sullivan, Assistant

Corporation Counsel of the City of Chicago, for their answer, defenses and jury demand to

plaintiffs' second amended complaint, state as follows:[1]

**Introduction**

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the
deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:**      Officers Chatman and Collier admit this action is brought under 42 U.S.C.

§ 1983 against them and unknown Chicago Police officers.  Officers Chatman and Collier deny

---

[1]      This answer is made on behalf of Defendant Officers Calvin Chatman and Dwayne
Collier.  Officers Chatman and Collier make no answer on behalf of any other defendants now named in
this cause or any unserved and/or unnamed and/or unknown defendants.

any wrongdoing and further deny the remaining allegations contained in this paragraph.

## Jurisdiction and Venue

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**     Officers Chatman and Collier admit that this Court has jurisdiction.

Officers Chatman and Collier deny any wrongdoing and further deny the remaining allegations

contained in this paragraph.

3.      Venue is proper under 28 U.S.C. § 1391(b).  On information and belief, all or
most of the parties reside in this judicial district, and the events giving rise to the claims asserted
herein all occurred within district.

**ANSWER:**     Officers Chatman and Collier admit that venue is proper.  Officers

Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of

the allegation that all or most of the parties reside in this judicial district.  Officers Chatman and

Collier deny any wrongdoing and further deny the remaining allegations contained in this

paragraph.

4.      Plaintiffs are all residents of the City of Chicago.  Lagina Warfield is employed by
Great Lakes Naval Service and is the sister of Carrie Warfield.  Her son, Deshaun, is nine years
old.  Jennifer Warfield (a cousin to Lagina and Carrie) recently graduated high school and is
currently taking courses to become a certified nursing assistant. Jalessa Bonner is a student at
Manley High School, and Mary Bonner (Jalessa's cousin) is a student at Austin High School.

**ANSWER:**     Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the allegations contained in this paragraph.

## Factual Allegations

5.      The relevant events occurred on or about June 27, 2004.  At that time, Plaintiffs
Carrie Warfield, Jennifer Warfield, Latoya Powell, Mary Bonner, and Jalessa Bonner were
walking to Ms. Warfield's home on the West side of Chicago.

**ANSWER:**     Officers Chatman and Colliers admit that Plaintiffs make certain

allegations regarding June 27, 2004, but deny any wrongdoing. Officers Chatman and Collier

lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

6. As they approached Ms. Warfield's home, the four women heard several gun shots close by.

**ANSWER:** Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

7. Terrified, the four Plaintiffs ran to Ms. Warfield's home and banged on the door, hoping that Plaintiff Lagina Warfield would open the locked door from inside and provide refuge from the gunfire.

**ANSWER:** Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

8. While, Carrie, Jennifer, Latoya, Mary and Jalessa tried to conceal themselves from the bullets in the doorway to the house, a man named Seneca Smith came running toward them. He was unarmed and bleeding from a gun shot wound to his leg.

**ANSWER:** Officers Chatman and Collier deny that on June 27, 2004, that Seneca

Smith was unarmed. Officers Chatman and Collier deny that on June 27, 2004 at approximately

10:40 p.m., that Plaintiffs were located in a doorway at or near Seneca Smith. Officers Chatman

and Collier lack information or knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph.

9. Two gunmen, later identified as Defendant Officers Chapman and Collier, approached the group (which now included Carrie, Jennifer, Latoya, Mary, Jalessa, and Seneca all huddled in the doorway to the house) and proceeded to fire at Mr. Smith and Plaintiffs Carrie Warfield and Jalessa Bonner. Lagina Warfield, who were just inside the front door to the house, flattened herself and her son, Deshaun Fox, against the ground to avoid the gunfire.

**ANSWER:** Officers Chatman and Collier admit that on June 27, 2004 at

approximately 10:40 p.m., Officer Collier fired at Seneca Smith, who was located in front of a

door. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as

to the truth of the allegations as to which Plaintiffs, if any, were inside the building. Officers

Chatman and Collier deny the remaining allegations contained in this paragraph.

10. Despite the fact that Plaintiffs and Mr. Smith were unarmed and posed no threat to the Defendant Officers, the Officers fired several bullets at them. Several of the bullets pierced the front of Plaintiffs Legina and Carrie Warfield's home.

**ANSWER:** Officers Chatman and Collier admit that on June 27, 2004 at

approximately 10:40 p.m., Officer Collier fired at Seneca Smith, who was located in front of a

door. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as

to the truth of the allegations that bullets pierced the front of a building or the allegations that the

building was Lagina and Carrie Warfield's home. Officers Chatman and Collier deny the

remaining allegations contained in this paragraph.

11. Mr. Smith placed his body between the shooters and Plaintiffs, taking several bullets in the chest. But for Mr. Smith's heroics, it is almost certain that Plaintiffs Carrie Warfield, Lagina Warfield, Deshaun Fox, Jennifer Warfield, Latoya Powell, Mary Bonner, and Jalessa Bonner would have been shot. As it was, another bullet fired by the Defendant Officers struck and wounded a thirteen year-old bystander (who was also inside the doorway to the house and also shielded from further injury by Mr. Smith).

**ANSWER:** Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the allegations that a bullet fired by the Defendant Officers struck

and wounded a thirteen year-old bystander. Officers Chatman and Collier deny the remaining

allegations contained in this paragraph.

12. The Defendant Officers continued to advance on Plaintiffs until Carrie Warfield cried out "my baby, you shot my baby" or words to that effect. Although Ms. Warfield did not have an infant with her, her ruse worked; the Officers immediately stopped firing and ran off.

**ANSWER:**    Officers Chatman and Collier deny the allegations contained in this

paragraph.

13.    Plaintiffs then carried Mr. Smith inside the house and began to tend to his wounds while Carrie (not knowing that the gunmen were police officers) called 911 for assistance.

**ANSWER:**    Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the allegations contained in this paragraph.

14.    Almost immediately thereafter, numerous Chicago police officers entered the house with guns drawn and corralled everyone present in the basement. The officers at the scene pointed their weapons at Plaintiffs and began demanding that Plaintiffs produce a gun, although the only weapons that Plaintiffs had seen during the incident were the guns used by the Defendant Officers in the attack.

**ANSWER:**    Officers Chatman and Collier admit that other Chicago Police officers

arrived at the scene. Officers Chatman and Collier deny that they entered the house or had any

contact or conversations with Plaintiffs. Officers Chatman and Collier further deny any

wrongdoing and further deny that they attacked Plaintiffs. Officers Chatman and Collier lack

information or knowledge sufficient to form a belief as to the truth of the remaining allegations

contained in this paragraph.

15.    The officers searched Plaintiffs one at a time. The female officer or officers who searched Jalessa Bonner and Jennifer Bonner invaded their privacy by placing her hand inside their brassieres in front of a number of persons present, including several male officers.

**ANSWER:**    Officers Chatman and Collier deny that they searched Plaintiffs and further

deny any wrongdoing. Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

16.    The officers then ordered Plaintiffs, as well as Lagina's then-eight year-old son Deshaun, to exit the house through the back door. Plaintiffs told the police they just wanted to go home, but the officers told them they had no choice but to go to a nearby police station for questioning.

**ANSWER:**     Officers Chatman and Collier deny that they had any contact or conversations with Plaintiffs and further deny any wrongdoing.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17.     At the police station, Plaintiffs were questioned repeatedly about what they observed during the shooting.  Investigators accused them of lying about not having knowledge of a "gun" that police suspected was in their home.

**ANSWER:**     Officers Chatman and Collier deny that they had any contact or conversations with Plaintiffs and further deny any wrongdoing.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

18.     At one point, Lagina Warfield and her son were locked in an interrogation room for over half an hour.  Lagina had to beat on the door to be let out, pleading that her son had to use the bathroom.

**ANSWER:**     Officers Chatman and Collier deny that they had any contact or conversations with Plaintiffs and further deny any wrongdoing.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

19.     Plaintiff Jennifer Warfield, who was pregnant at the time of the attack, explained to the investigators that she was pregnant and pleaded with them to let her use the bathroom. The Detectives refused at first, forcing Plaintiff Jennifer Warfield to urinate on herself.

**ANSWER:**     Officers Chatman and Collier deny that they attacked Plaintiffs, deny they had any contact or conversations with Plaintiffs, and further deny any wrongdoing.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6

20.     At one point, Plaintiff Lagina Warfield told the Officers that she had to leave to get to her job at the Great Lakes Naval Station.  The Officers told her that she was not free to leave and that they would contact her work and advise them that Ms. Warfield would not be available to come to work that day.

**ANSWER:**     Officers Chatman and Collier deny that they had any contact or

conversations with Plaintiffs and further deny any wrongdoing.  Officers Chatman and Collier

lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

21.     Plaintiffs were not released until approximately 7 or 8 o'clock the next morning. Upon returning to their home, Plaintiffs Carrie and Lagina Warfield discovered that their house was in shambles, having been literally ripped apart by police officers.  There were holes in the walls, the refrigerator was tipped over, two TVs were broken, curtains were torn, the stove was overturned, and several DVDs were missing.  Plaintiffs found their clean clothes ripped from their closets and covered in garbage.  No contraband was discovered in the search of their home.

**ANSWER:**     Officers Chatman and Collier deny that they searched the Plaintiffs' home

and further deny any wrongdoing.  Officers Chatman and Collier lack information or knowledge

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

22.     Jalessa Bonner was involuntarily brought to the station several additional times over the next week to be questioned about what she had observed.  At no time was Jalessa's mother present when she was being questioned, despite the fact that she was a minor.

**ANSWER:**     Officers Chatman and Collier deny that they had any contact or

conversations with Plaintiffs and further deny any wrongdoing.  Officers Chatman and Collier

lack information or knowledge sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

**The Defendant Officers**

23.     Unfortunately, this is not the first time that the Defendant Officers have had allegations of misconduct lodged against them.  On information and belief, the Defendant Officers have been accused of gross misconduct on previous occasions.

**ANSWER:** Officers Chatman and Collier admit that allegations of misconduct have been lodged against them. Officers Chatman and Collier deny any wrongdoing and further deny the remaining allegations contained in this paragraph.

24. Moreover, this is not the first time that these officers have been sued for their wrongdoing. Nevertheless, on information and belief, the Defendant Officers have not been disciplined or terminated by the Chicago Police Department.

**ANSWER:** Officers Chatman and Collier admit that they have been named as parties in other litigation. Officers Chatman and Collier further admit that they have not been terminated by the Chicago Police Department. Officers Chatman and Collier deny any wrongdoing and further deny the remaining allegations contained in this paragraph.

### Count I - 42 U.S.C. § 1983

### Unlawful Detention

25. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** Officers Chatman and Collier's answers to paragraphs 1 though 24 are incorporated herein as though fully set forth.

26. As described more fully above, the Defendant Officers caused Plaintiffs to be unlawfully and unreasonably detained without justification.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

28.     As a result of the above-described wrongful infringement of his rights, Plaintiffs
suffered damages, including but not limited to emotional distress and anguish.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

29.     The misconduct described in this Count was undertaken pursuant to the policy and
practice of the Chicago Police Department in that:

    a.    By failing to implement policies and procedures to corroborate the identity of persons arrested pursuant to a warrant, the City of Chicago directly encourages and is the moving force behind the misconduct alleged here;

    b.    Further, by failing to adequately train, supervise and control its officers, the City directly encourages and is the moving force behind the unreasonable seizure at issue here, such that the City's failure to do so manifests deliberate indifference;

    c.    Moreover, as a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of constitutional violations can be confident that the Office of Professional Standards and/or the Internal Affairs Division will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in such activities;

    d.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    e.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a '"code of silence'" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

    f.    The City of Chicago has failed to act to remedy the patterns of abuse

9

describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

g.  As a matter of express policy, the City of Chicago does not retain or consider any records documenting allegations of civil rights violations against police officers which are more than five years old, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

h.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint, to wit, if a police officer is accused of the same sort of misconduct an inordinate number of times in row, O.P.S. and I.A.D. are forbidden by the City from considering this pattern of allegations if the allegations were deemed unsustained; and

i.  By its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

**ANSWER:**    Officers Chatman and Collier deny the conduct alleged and further deny the remaining  allegations of this paragraph.

30.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:**    Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment and under color of law.  Officers Chatman and Collier deny the remaining conduct alleged as alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### COUNT II - State Law Claim

### False Imprisonment

31.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    Officers Chatman and Collier's answers to paragraphs 1 though 30 are

10

incorporated herein as though fully set forth.

32.     Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner were arrested and detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

33.     In the manner described more fully above, the Defendant Officers unlawfully and unreasonably imprisoned Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner without justification.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

34.     As a result of this misconduct, Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner have suffered and continue to suffer damages, including but not limited to emotional distress.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

35.     The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner's rights.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as

alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to

form a belief as to the truth of the remaining allegations contained in this paragraph.

36.     The misconduct described in this Count was undertaken by the Defendant Officers

11

within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment. Officers Chatman and Collier deny the remaining conduct alleged as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### Count III - 42 U.S.C. § 1983

### Excessive Force

37. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** Officers Chatman and Collier's answers to paragraphs 1 though 36 are incorporated herein as though fully set forth.

38. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiffs constituted excessive force in violation of the United States Constitution.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

40. The misconduct described in this Count was undertaken with malice, willfulness,

and reckless indifference to the rights of others.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

41. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

42. As a result of the unjustified and excessive use of force by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered emotional distress.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them and the policy and practice alleged. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment and under color of law. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**COUNT IV - State Law Claim**

13

## Intentional Infliction of Emotional Distress

44.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**     Officers Chatman and Collier's answers to paragraphs 1 though 43 are incorporated herein as though fully set forth.

45.     As described more fully in the preceding paragraphs, by firing their weapons at Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner with reckless disregard for the consequences of their actions, Defendant Officers Chapman and Collier engaged in extreme and outrageous conduct.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

46.     The misconduct described in this Count was rooted in an abuse of power or authority.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

47.     The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them.  Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

48.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER** Officers Chatman and Collier deny the allegations in this paragraph as alleged

14

against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

49.     As a proximate result of this misconduct, Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner suffered emotional distress and anguish.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

50.     The misconduct described in this Count was undertaken by Defendant Officers Chapman and Collier within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:**     Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## Count V - Section 1983

## Fourth Amendment

51.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**     Officers Chatman and Collier's answers to paragraphs 1 though 50 are incorporated herein as though fully set forth.

52.     As described more fully above, the Defendant Officers, acting under color of law and within the scope of their employment as Chicago Police Officers, improperly exceeded the scope of their lawful authority in conducting an unreasonable search of Plaintiffs Carrie and Lagina Warfield's residence, thereby violating the United States Constitution.

**ANSWER:**     Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment and under color of law. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

53.     Furthermore, by placing her hand inside Plaintiff Jalessa Bonner's brassiere without lawful justification in full view of everyone else present, one of the Defendant Officers conducted an unreasonable search of Ms. Bonner.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

54.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

55.     As a result of the above-described wrongful infringement of Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner's rights, Plaintiffs Carrie Warfield, Lagina Warfield, and Jalessa Bonner suffered damages, including but not limited to mental distress and anguish.

**ANSWER:**     Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

56.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

16

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment and under color of law. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### Count VI - State Law Claim

### Tort of Intrusion

57.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** Officers Chatman and Collier's answers to paragraphs 1 though 56 are incorporated herein as though fully set forth.

58.     As described more fully above, by unreasonably and without justification firing their weapons into Plaintiffs Lagina and Carrie Warfield's home, Defendants Chapman and Collier's actions constituted an unauthorized intrusion into Plaintiffs' seclusion.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

59.     This intrusion was highly offensive to a reasonable person and was an intrusion into Plaintiffs' private matters.

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph..

60.     As a result of the Defendants' intrusion into their privacy, the Plaintiffs suffered anguish and suffering.

17

**ANSWER:** Officers Chatman and Collier deny the allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

61. The misconduct described in this Count was undertaken by Defendant Officers Chapman and Collier within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT VI - State Law Claim

### Respondeat Superior

62. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** Officers Chatman and Collier's answers to paragraphs 1 though 61 are incorporated herein as though fully set forth.

63. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were employees of the City of Chicago and acted within the scope of their employment. Officers Chatman and Collier deny the remaining allegations in this paragraph as alleged against them. Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the

18

truth of the remaining allegations contained in this paragraph.

64. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

**ANSWER:** Officers Chatman and Collier lack information or knowledge sufficient

to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT VII - State Law Claim

### Indemnification

65. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** Officers Chatman and Collier's answers to paragraphs 1 though 64 are

incorporated herein as though fully set forth.

66. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Officers Chatman and Collier lack information or knowledge sufficient

to form a belief as to the truth of the allegations contained in this paragraph.

67. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** Officers Chatman and Collier admit that at all relevant times, they were

employees of the City of Chicago and acted within the scope of their employment. Officers

Chatman and Collier deny the remaining allegations in this paragraph as alleged against them.

Officers Chatman and Collier lack information or knowledge sufficient to form a belief as to the

truth of remaining allegations contained in this paragraph.

WHEREFORE, Officers Chatman and Collier respectfully request this Honorable Court to enter judgment in their favor and against Plaintiffs on their Second Amended Count Complaint at Law, along with any further relief the Court finds appropriate in the interests of justice.

## AFFIRMATIVE DEFENSES

1.      At all times during the events alleged in Plaintiffs' Second Amended Complaint, a reasonable police officer in the position of Officers Chatman and Collier could have believed that their conduct was objectively reasonable and within constitutional limits that were clearly established at the time.  Thus, Officers Chatman and Collier are entitled to qualified immunity for their actions.

2.      Probable cause is an absolute defense to a section 1983 false arrest claim.

3.      To the extent that Officers Chatman and Collier were acting within the scope of their, they are not liable for their acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  Officers Chatman and Collier were not wilful and wanton and, therefore, are not liable.  745 ILCS 10/2-202 (1994).

4.      Officers Chatman and Collier are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (1994).  See also Wolf-Lillie v. Sonquist, 699 F.2d 864 (7th Cir. 1983).

5.      Officers Chatman and Collier  were justified in the use of force because they reasonably believed that such force was necessary to prevent bodily harm to themselves or others.  720 ILCS 5/7-1 and/or 720 ILCS 5/7-5 (1994).

6.      Under the Illinois Tort Immunity Act, Officers Chatman and Collier are not liable

for any injury resulting from their acts or omissions when acting in the exercise of discretion even though abused.  745 ILCS 10/2-201.

7.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.

8.      At the time of the actions alleged in Plaintiffs' First Amended Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiffs' recovery according to their contributory negligence and bars their recovery entirely when Plaintiffs are more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

9.      Under Illinois Tort immunity law, Officers Chatman and Collier are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

10.     To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## FEDERAL RULE 12(B)(6) DEFENSES

1.      Plaintiffs fail to allege an action for the Tort of Intrusion.

2.      Any award of punitive damages would deprive Officers Chatman and Collier due

21

process of law in violation of the Fifth and Fourteenth Amendments to the United States

Constitution where:

      a.      liability for punitive damages has not been proven beyond a reasonable

              doubt, or at least by clear and convincing evidence;

      b.      the award of punitive damages is disproportionate to actual damages.

**JURY DEMAND**

Officers Chatman and Collier respectfully request a trial by jury.

Respectfully submitted,

/s/ Susan E. Sullivan
Susan E. Sullivan
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-0117
(312) 744-6566 (Fax)
Attorney No. 06238201

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused true and correct copies of the above and foregoing

**DEFENDANT OFFICERS CALVIN CHATMAN AND DWAYNE COLLIER'S**

**ANSWER, DEFENSES AND, JURY DEMAND TO PLAINTIFFS' SECOND AMENDED**

**COMPLAINT**, to be mailed to the persons named below by electronic mail to the addresses

therein shown, on October 17, 2005.

To:    Russell Ainsworth
        Loevy & Loevy
        312 North May Street
        Suite 100
        Chicago, Illinois 60607

To:    Diane Cohen
        Assistant Corporation Counsel
        30 North LaSalle Street
        Suite 900
        Chicago, IL 60602

/s/ Susan E. Sullivan
Susan E. Sullivan
Assistant Corporation Counsel