```
              IN THE UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

CARRIE WARFIELD, LAGINA WARFIELD   )
individually and on behalf of her  )
minor son, DESHAUN FOX, JENNIFER   )      05 C 3712
WARFIELD, LATOYA POWELL, MARY      )
BONNER, and SHERPRINIA BONNER, on  )
behalf of her minor daughter       )
JALESSA BONNER,                    )
           Plaintiffs,             )      JUDGE CASTILLO
                                   )
              v.                   )
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
           Defendants.             )      JURY TRIAL DEMANDED
```

**PLAINTIFFS' TENTH MOTION *IN LIMINE* TO PROHIBIT
REFERENCE TO LATOYA POWELL'S USE OF THE ALIAS "COOPER"**

Now Come Plaintiffs, CARRIE WARFIELD, LAGINA WARFIELD, individually and on behalf of her minor son, DESHAUN FOX, JENNIFER WARFIELD, LATOYA POWELL, MARY BONNER, and SHERPRINIA BONNER, on behalf of her minor daughter JALESSA BONNER, by and through their attorneys, LOEVY & LOEVY, and move this Court *in limine* for an Order barring Defendants from referencing the fact that Plaintiff Latoya Powell used Latoya Cooper as an alias. In support, Plaintiffs state as follows:

**Introduction**

When Plaintiff Latoya Powell was first interviewed at the Detective Area 5, she gave a false last name – "Cooper" rather than Powell. Plaintiff testified that she was scared of the police, and that is why she gave the false name. She further testified that she had used the false name "Cooper" during one prior arrest, also because she was scared of the police.

**Argument**

The only probative value to be inferred from Ms. Powell's use of the name "Cooper" is that she was scared to be at the police station and that she did not want to be there. While still at the police station the night of June 27, Ms. Powell admitted to Defendants that her real name was Powell and that Cooper was not her real name. Nevertheless, Plaintiffs' concern is that the jury may consider this bad act of giving a false name to be a reflection on her character, which is an impermissible use of this evidence under Federal Rule of Evidence 404(b).

The error would be compounded if the jury were to learn that Ms. Powell had used the false name Cooper on a prior occasion. First, it would impermissibly raise the fact that Ms. Powell had been arrested on a previous occassion, which is inadmissible for the reasons set forth in Plaintiffs' Motion in Limine No. 2. Second, giving a false name to a police officer on a prior occasion is a classic "bad act" that would unduly prejudice Ms. Powell in the eyes of the jury. The fact that she gave a false name when previously arrested with nothing more does not make it more likely that she was voluntarily at the police station the night of June 27, 2004.

WHEREFORE, Plaintiffs respectfully request an order barring reference to the fact that Plaintiff Latoya Powell initially gave a false name to Defendants at Area 5 Headquarters and barring the fact that Plaintiff Latoya Powell had previously used a false name when arrested.

                                      RESPECTFULLY SUBMITTED,


                                      S/ Russell Ainsworth
                                      Attorneys for Plaintiffs

Arthur Loevy  
Jon Loevy  
Russell Ainsworth  
Tara Thompson  
LOEVY & LOEVY  
312 North May Street  
Suite 100  
Chicago, IL 60607  
(312) 243-5900  

## CERTIFICATE OF SERVICE

       I, Russell Ainsworth, an attorney, certify that on January 12, 2009 I delivered by electronic means a copy of the attached Motion to all counsel of record.


                                      S/ Russell Ainsworth