```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


CARRIE WARFIELD; LAGINA            )
WARFIELD, individually and on      )
behalf of her minor son            )
guardian ad litem Deshaun Fox;     )
JALESSA BONNER, guardian ad        )
litem Sherprinia Bonner;           )
JENNIFER WARFIELD; MARY            )
BONNER; and LATOYA POWELL,         )
                                   )
                    Plaintiffs,    )   Case No. 05 C 3712
         -vs-                      )
                                   )   Chicago, Illinois
CITY OF CHICAGO, CALVIN            )   February 19, 2009
CHAPMAN, Chicago Police            )   9:59 a.m.
Officer; DWAYNE COLLIER,           )
Chicago Police Officer;            )
UNKNOWN CHICAGO POLICE             )
OFFICERS; ANTONIO ALLEN;           )
JEROME BOGUCKI; JOHN HILLMAN;      )
BRUCE KISCHNER; VALERIE            )
LYMPERIS; MICHAEL MUZUPAPPA,       )
JR.; RAYMOND SCHALK; and ALAN      )
PERGANDE, Chicago Police           )
Detective,                         )
                                   )
                    Defendants.    )


                    TRANSCRIPT OF PROCEEDINGS
                BEFORE THE HONORABLE RUBEN CASTILLO

APPEARANCES:

For the Plaintiff:      MR. JONATHAN LOEVY
                        Loevy & Loevy
                        312 North May Street
                        Suite 100
                        Chicago, IL  60607
                        (312) 243-5900
```

```
 1  APPEARANCES: (Continued)

 2  For Defendant City
    Of Chicago:              MS. DIANE S. COHEN
 3                           City of Chicago, Law Department
                             Corporation Counsel
 4                           30 North LaSalle Street
                             Suite 1020
 5                           Chicago, IL  60607
                             (312) 744-5100
 6
    For the Defendant
 7  Officers:                MS. STACY A. BENJAMIN
                             Rock, Fusco, LLC
 8                           321 North Clark Street
                             Suite 2200
 9                           Chicago, IL  60610
                             (312) 494-1000
10

11

12

13

14

15

16

17

18

19

20

21  Court Reporter:

22            KATHLEEN M. FENNELL, CSR, RMR, FCRR
                    Official Court Reporter
23                United States District Court
          219 South Dearborn Street, Suite 2144-A
24                  Chicago, Illinois  60604
                  Telephone:  (312) 435-5569
25        email: Kathleen_Fennell@ilnd.uscourts.gov
```

1     (Proceedings heard in open court:)
2          THE CLERK:  05 C 3712, Warfield versus City of
3    Chicago.
4          THE COURT:  Good morning.
5          MS. BENJAMIN:  Good morning, your Honor.  Stacy
6    Benjamin on behalf of the individual officers.
7          MS. COHEN:  Good morning, your Honor.  Diane Cohen on
8    behalf of the defendant, City of Chicago.
9          MR. LOEVY:  Hello, your Honor.  Jon Loevy for the
10   plaintiffs.
11         THE COURT:  Okay.  Now that you know more or less the
12   parameters of the trial, my question is how long will this
13   case take to try?
14         MR. LOEVY:  I think realistically one week, your
15   Honor, give or take, you know.
16         THE COURT:  That's for both the plaintiff and defense
17   case or --
18         MR. LOEVY:  That's my guess, your Honor.
19         THE COURT:  Okay.
20         MR. LOEVY:  I can't speak for the defense.  You know,
21   they --
22         THE COURT:  Okay.
23         MS. COHEN:  I would like to speak, your Honor.
24         THE COURT:  Go ahead, yeah.
25         MS. COHEN:  First of all, we would disagree with that

1 assessment.

2 THE COURT: Okay.

3 MS. COHEN: This is a case that involves eight
4 individual defendants and numerous fact witnesses, including
5 the plaintiffs and their fact witnesses.

6 THE COURT: Okay.

7 MS. COHEN: With the *Monell* claim, which I would also
8 like to address on a separate note in terms of the
9 prejudice --

10 THE COURT: Okay.

11 MS. COHEN: -- the *Monell* claim we would submit would
12 take at least one if not two weeks to try, given the
13 numerosity of witnesses. Remember, these are mini-trials
14 within the trial that would involve calling witnesses who
15 claim that they were unlawfully detained from incidents
16 stemming from over the last five years. So not only would
17 presumably plaintiffs be calling them, but the City and
18 defense would be calling the detectives that were involved in
19 those incidents and other fact witnesses.

20 So we would say one week is not reasonable -- not a
21 reasonable estimate or realistic.

22 I would also like to address when your Honor is ready
23 the line in your Honor's order that said that if the
24 defendants believe that they have been unfairly prejudiced,
25 they should request in writing a delay in the trial.

1         THE COURT: Okay.

2         MS. COHEN: We do believe, the defendants believe
3 they have been severely prejudiced by the way that discovery
4 has been conducted in this case --

5         THE COURT: Okay.

6         MS. COHEN: -- and by the schedule. We believe that
7 we are not able to fairly defend ourselves with the March 2nd
8 trial based on the failure to comply with discovery.

9         And so, therefore, we would actually -- we would put
10 it in writing, although we are very concerned, given the
11 March 2nd trial date, that it will take away from any
12 preparation should it be denied.

13         MR. LOEVY: I guess in rebuttal, your Honor, trials
14 always seem to go faster than you think, at least in my
15 experience, so that's where we come from.

16         I mean it's not out of the question this could go
17 longer than a week, depending what the City has in mind.
18 We've litigated this idea about prejudice. You know, they had
19 four months of *Monell* discovery. We can't subscribe to that
20 premise that we've done anything that would prejudice their
21 ability to get ready for this trial.

22         MS. COHEN: Well, I would like to respond to that,
23 your Honor --

24         THE COURT: Okay.

25         MS. COHEN: -- in this way: In your order, your

1 Honor stated perhaps *Monell* discovery could have been both
2 more thorough on the plaintiffs' part and that perhaps they
3 should have supplemented discovery.
4 And I'd like to point out two things if I may.
5 THE COURT: Okay.
6 MS. COHEN: The first thing that it is not an issue
7 about being more thorough, it's an issue of it being
8 non-existent. And I'm talking specifically in terms of the
9 way of what wasn't disclosed regarding the FDLA matters.
10 Now, we do have a huge record on our concerns with
11 the way the so-called Ayala file was produced and the 7,000
12 pages of documents that were basically dumped on us without
13 explanation.
14 However, there is no disclosure whatsoever in written
15 discovery regarding the manner in which, the way in which or
16 any reference to the FDLA case, which your Honor is well, you
17 know, versed in right now.
18 And, secondly, the plaintiffs themselves stated in
19 their response to the City's motion for summary judgment that
20 the City was barking up the wrong tree. The City -- the
21 plaintiffs don't know about their own *Monell* claim. They
22 couldn't possibly have answered the discovery requests, and so
23 they admit that they never answered them.
24 However, they never objected based on those grounds.
25 They actually gave an answer that was responsive to a *Monell*

1  claim that is no longer in this case.  They just -- so they
2  didn't put the City on notice that, well, first of all, we
3  would disagree that under the federal rules if the plaintiffs
4  don't know their claim, how is a defendant supposed to defend
5  themselves in discovery; but secondly, at least we would have
6  been on notice that the plaintiffs don't have information and
7  we would have, A, worked with plaintiffs' counsel to try to
8  get that information and/or bring it before your Honor and
9  say, your Honor, we're trying to get information as the
10 Federal Rules of Civil Procedure provide to be able to gather
11 the discovery to defend our case.
12         The plaintiffs don't have the information.  We don't
13 know where to turn.
14         MR. LOEVY:  Your Honor --
15         MS. COHEN:  What are we supposed to do?
16         THE COURT:  Let me just put an end to this by asking
17 you this:  Are you going to file a written motion to continue
18 the trial date?
19         MS. COHEN:  If -- we will unless your Honor would
20 grant that today, which is what we would request.  We will, if
21 we need to make the record, we will make the record.
22         THE COURT:  I think the record needs to be made, and
23 I've already indicated that I would deal with the issue of
24 prejudice that way, but I think you need to file a written
25 motion.

1      I realize I just issued the opinion yesterday, but it
2   was only fully briefed the day before.  So --
3           MS. COHEN:  Your Honor --
4           THE COURT:  -- why don't you file the motion, and why
5   don't you come back here next Wednesday at 4:30 in the
6   afternoon.
7           Are we free, Ruth?
8           THE CLERK:  Let me make sure.  You have a settlement
9   conference.  Do you want to do it at 5:00?
10          THE COURT:  We'll do it at 5:00.
11          MR. LOEVY:  Your Honor, could you give us some
12  indication on which way you're leaning on that?  Because
13  obviously if they need a short extension and your Honor was
14  free in April, we wouldn't, you know, be unreasonable.  In
15  fact --
16          THE COURT:  Okay.  Well, you should talk about if you
17  can agree on a date in April, and I'll try and accommodate
18  that.  But I would lean toward a reasonable delay in the trial
19  to accommodate this claim of prejudice.
20          MR. LOEVY:  When could you fit us in then, your
21  Honor, if you want to give us the parameters to talk about?
22          MS. COHEN:  If I may just add that the reason why the
23  City's prejudiced is because we were not able to get discovery
24  in this case to defend itself.
25          If the Court is not going to bar the claim for

1 discovery sanctions, then we're going to need to take
2 discovery, and we're going to have to --
3     THE COURT: Okay. The Court has made it abundantly
4 clear it will not bar the claim.
5     MS. COHEN: And --
6     THE COURT: And let me just say the one ruling I will
7 give you in addition to the ruling that I've already made is
8 I'm going to deny the defendants' first motion *in limine* to
9 bar the *Monell* claim, to bifurcate the *Monell* claim or at a
10 minimum to prevent plaintiffs from using the *Monell* evidence
11 against defendant detectives.
12     *Monell* is part of this case. And so that's the case
13 you're going to defend, and I think I've addressed that no
14 less than a dozen times.
15     Let me look at the trial schedule.
16     MS. COHEN: Your Honor, the Rule 408 issue has not
17 been previously addressed, but if that -- will you be issuing
18 a written order on that?
19     THE COURT: I've issued the order that I'm going to
20 issue on that particular motion.
21     MS. COHEN: I'm sorry, orally, your Honor?
22     THE COURT: Uh-huh.
23     MS. COHEN: Will we have a chance to respond to that?
24     THE COURT: You can respond to that. You can even
25 ask me to reconsider.

1  MS. COHEN: Will you be setting forth the basis for
2 the ruling on the 408 motion?
3  THE COURT: I think you're going a little bit too far
4 right now. That's what I will tell you. You want to make a
5 record, you can make a record for purposes of appeal.
6  We're going to have a fun trial if you try this case
7 for the Court of Appeals; but if you want to, that's fine with
8 me. I will make my record, but I don't need to do that in
9 denying a motion *in limine*.
10  MR. LOEVY: Well, I'm hopeful that we can pick a date
11 that works for everybody, your Honor. If you give us --
12  THE COURT: I might be able to accommodate you on
13 April 13th. That would fit in. That's when a new jury pool
14 comes in because let me just tell you what's going to happen.
15 You know, juries expect to serve limited periods of time, so
16 if you're going to occupy more than two or three weeks, I need
17 to know.
18  But I will tell you this, I can also prevent that,
19 too, because it seems to me that this is a case that's just
20 begging for a rigid enforcement of time limits. And I fully
21 intend to explore that possibility, but I think we need to
22 rule on the motions *in limine* before we get to exactly what
23 type of trial you're heading into.
24  And if memory serves me correctly, I haven't seen a
25 final pretrial order, have I? Has that been filed?

1    MS. BENJAMIN:  Yes.
2    MR. LOEVY:  We did.
3    MS. BENJAMIN:  Yes, your Honor.
4    THE COURT:  Okay.  So one is on file.
5    MR. LOEVY:  Yes.
6    THE COURT:  But there's a lot of "may call" witnesses
7  on there.
8    MR. LOEVY:  There are, your Honor.
9    THE COURT:  Yeah, we need to go through that, but why
10 don't you just come back at 5:00 o'clock next Wednesday, and
11 we'll go from there.
12   MR. LOEVY:  All right.  Thank you, your Honor.
13   THE COURT:  Thank you.
14   MS. BENJAMIN:  Thank you.
15   MS. COHEN:  Thank you.
16   (Which were all the proceedings heard.)
17                    CERTIFICATE
18   I certify that the foregoing is a correct transcript from
19 the record of proceedings in the above-entitled matter.
20 */s/Kathleen M. Fennell*          *February 20, 2009*
21   _____     _____
     Kathleen M. Fennell                      Date
22   Official Court Reporter
23
24
25