IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CARRIE WARFIELD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | 05 C 3712 |
| | ) | |
| v. | ) | Judge Castillo |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO ENHANCE THE LODESTAR
PURSUANT TO RECENT SUPREME COURT AUTHORITY**

Now Come Plaintiffs, by their counsel, LOEVY & LOEVY, and respectfully ask this Court to raise the lodestar to the amount that defense counsels' law firm was paid by the City to defend the case. In support, Plaintiffs state as follows.

1. After prevailing at trial, Plaintiffs filed their Fee Petition on April 16, 2010.

2. Five days later, the Supreme Court decided <u>Perdue v. Kenny A.</u>, No. 08-970, -- U.S. --, 2010 WL 1558980 (2010). Justice Alito's majority opinion held that "[w]hen a plaintiff's attorney achieves results that are more favorable than would have been predicted based on the governing law and the available evidence, the outcome may be attributed to superior performance and commitment of resources by Plaintiff's counsel." <u>Id.</u> at *8.

3. While reaffirming the "strong presumption" that the lodestar is a reasonable measure of compensation, <u>Perdue</u> held that the lodestar can be adjusted upward in "exceptional" circumstances where the prevailing party's counsel can demonstrate exceptional performance and results above and beyond

the lodestar calculus. <u>Id.</u> at *8 (burden remains on movant seeking to adjust the lodestar).

4. Under <u>Perdue</u>, Plaintiffs hereby request an upward departure in the lodestar to the amount that it would take to equalize Plaintiffs' counsel's attorneys' fees with the $1,030,000 in attorneys fees paid by the City of Chicago to its own outside counsel in this same case.

5. That relief is justified here. Indeed, if this is not the "exceptional case" where an upward departure is justified, it is difficult to imagine what that case would look like. Plaintiffs' position is set forth in far greater detail in their previously-filed Fee Petition (to which Defendants have not yet responded), but to summarize the highlights:

- After five years of intensive litigation, Plaintiffs obtained more than a quarter of a million dollars from a jury in a case that the Defendants consistently valued at $0;

- Plaintiffs won their victory in a highly-efficient manner, billing *two-thirds fewer overall* attorney hours than the Defendants' counsel, who themselves were paid more than $1 million in fees by the City in this case;

- Plaintiffs accepted all of the Court's various settlement recommendations over the years, while the City rejected all of them, meaning that the case could only be won via a very difficult jury trial;

2

- Plaintiffs were not particularly sympathetic (poor work histories, for example) and were very different culturally from the jury pool (the lead Plaintiff, for instance, is functionally illiterate);

- In order to obtain such a superior result, Plaintiffs' counsel consistently demonstrated exemplary skill, persistence, and legal creativity in the face of an extraordinarily vigorous and assertive defense.

6. As stated, if this case were not an example of an "exceptional" result warranting an upward departure, than no case could be. Notwithstanding a steadfast refusal to pay anything to resolve this case, defense counsel billed and was paid $1,030,000 by the City. Plaintiffs' counsel's lodestar should be adjusted upward to the same sum.[1]

WHEREFORE, Plaintiffs' counsel respectfully requests that the Court adjust the lodestar upward to the amount of fees billed by and paid to the Defendants' law firm in this case, as well as any other relief deemed just and appropriate.

---

[1] The $1,030,000 that the City paid outside counsel to defend this case does not even include the hundreds of hours billed by Dianne Cohen and the other defense attorneys in the Corporation Counsel's Office. Moreover, outside counsel did not appear in the case for its entire first year, during which more than a dozen depositions were taken. Thus, Plaintiffs' counsel is not even seeking to be adjusted to the total hours that Defendants' counsel billed; rather, Plaintiffs' counsel is only asking to be made equal to what outside defense counsel was paid by the City.

3

RESPECTFULLY SUBMITTED,


/s Russell Ainsworth
Attorneys for Plaintiffs


Arthur Loevy
Jon Loevy
Russell Ainsworth
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900


**Certificate of Service**

I, Jon Loevy, an attorney, hereby certify that on May 7, 2010, I served a copy of this pleading on all counsel of record by means of filing it with the Court's electronic filing system.


/s Jon Loevy